NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAVIER NUNEZ,<br><br>    Defendant. | )<br>)<br>)<br>)  Criminal No.: 07-709 (JLL)<br>)<br>)  **O R D E R**<br>)<br>)<br>)<br>) |

**LINARES, District Judge.**

The instant matter comes before the Court on the July 21, 2008, request of Defendant for relief from garnishment. No oral argument was heard.

Defendant was sentenced before this Court on December 18, 2007 after having pled guilty to one count of conspiracy under 18 U.S.C. § 371. The sentence imposed by this Court was confinement for one year and one day, supervised release for three years, a fine of $3,000, and a special assessment of $100. Both the fine and the special assessment were due immediately. This Court recommended in its Judgment of December 18, 2007, that Defendant enroll in the Inmate Financial Responsibility Program ("IFRP") and start paying the fine at a rate of $25 every three months. (Judgment at 5.) Defendant paid the special assessment and has paid one installment on his fine from the IFRP. (Gov't Br. at 1.)

In the intervening time, the Government has identified a bank account belonging to Defendant and begun proceedings to execute on that account to satisfy the fine. Defendant, after

1

receiving notice of the pending garnishment of the bank account, timely disputed the garnishment

in a filing to this Court. (Def. Letter of July 21, 2008.) Defendant disputes the fact that he owes

any money to the Government, and argues that the Government may not collect on the fine from

his bank account due to his enrollment in the IFRP. (<u>Id.</u> at 1-2.)

  This Court finds, after careful review of the submissions of both parties, that Defendant

continues to owe $2,975 of his fine to the Government. This Court also finds that the

Government may collect on the fine immediately, despite Defendant's enrollment, at this Court's

recommendation, in the IFRP. The controlling legal authority for this situation is 18 U.S.C. §

3613(c), which provides that upon imposition of a fine for a criminal offense, a lien arises on "all

property and rights to property of the person fined" with the same superpriority granted under the

law to Federal tax liens. Garnishment under § 3205(b) is a legally permissible procedure to

obtain satisfaction of the fine by the Government. 18 U.S.C. § 3613(a). Simply put, if the bank

account in question contains Defendant's funds, the Government has a lien on those funds, and

may garnish them using appropriate process. <u>United States v. James</u>, 312 F. Supp 2d 802, 806

(E.D. Va. Apr. 5, 2004). Given that Defendant's arguments fail as a matter of law, this Court

finds that a hearing is not necessary, that the bank account in question is subject to garnishment,

and denies the relief requested by Defendant.

**IT IS** on this _1 5T_ day of August, 2008,

**ORDERED** that Defendant's request for relief from garnishment [CM/ECF #s 34 and 35] is DENIED.

Hon. Jose L. Linares
United States District Judge

3